Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AGUILAR, | Case No.: |
| Plaintiff. | COMPLAINT FOR DAMAGES |
| | 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.; |
| v. | 2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ. |
| PORTFOLIO RECOVERY ASSOCIATES, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

JOHN AGUILAR ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Pacoima, California 91331.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 140 Corporate Boulevard, Norfolk Virginia 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12. The debt at issue arose from consumer transactions in connection with payments, involving Ashley's Furniture.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt could only have arisen from financial obligation for primarily personal, family or household purposes.

14. Beginning in or around May 2015 Defendant called Plaintiff seeking and demanding payment of an alleged debt.

15. Defendant claimed Plaintiff had failed to make an installment payment of twenty five dollars ($25) on the alleged debt, yet the debt was settled and paid in December 2014, five months prior.

16. Additionally, while Plaintiff disputed the debt, insisting the settlement amount had been paid in full; Defendant reported the debt to Plaintiff's credit report.

17. Defendant's actions continued hereon, whereby Plaintiff's dispute of the alleged debt was purposefully ignored.

18. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692e AND 1692e(10)
## OF THE FDCPA

19. A debt collector violates section 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. A debt collector violates section 1692e(10) of the FDCPA by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. A debt collector violates sections 1692e and 1692e(10) of the FDCPA when it attempted a debt that had been paid and when it reported a paid debt to the credit bureaus.

**COUNT II**
**DEFENDANT VIOLATED § 1692e(2)**
**OF THE FDCPA**

22. Section 1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

23. Defendant violated §§ 1692e(2) of the FDCPA when it attempted to collect a debt that had been settled and paid in full.

**COUNT III**
**DEFENDANT VIOLATED § 1692e(8)**
**OF THE FDCPA**

24. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any personal credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

25. Defendant violated §§ 1692e(8) of the FDCPA when it reported the alleged debt to a credit reporting agency absent of information of dispute.

## COUNT IV
## **DEFENDANT VIOLATED THE RFDCPA**

26. A debt collector violates section 1788.17 of the California Civil Code by failing to comply with sections 1692b through 1692j of the FDCPA.

27. Defendant violated section 1788.17 of the California Civil Code when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, JOHN AGUILAR, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

   e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN AGUILAR, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: 6-4-15

By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: aginsburg@creditlaw.com
    Attorney for Plaintiff