Nathan A. Searles (SBN 234315)
NASearles@portfoliorecovery.com
PRA Group
140 Corporate Boulevard
Norfolk, VA  23502
(757) 519-9300, Ext 13206
(757) 321-2518 (fax)

Attorney for Defendant
Portfolio Recovery Associates, LLC

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AGUILAR,<br><br>     Plaintiff,<br><br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br><br>     Defendants. | Civil Case No. 2:15-cv-04202<br><br>**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND DEFENSES** |

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, for its answer and defenses to Plaintiff's Complaint ("Complaint"), states:

1. In answering Paragraph 1 of the Complaint, PRA admits that Plaintiff purports to bring this case under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. Seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practice Act, California Civil Code §1788-1788.32 ("RFDCPA"), and that the contents of the FDCPA and RFDCPA are self-explanatory. To the extent not herein admitted, the remaining allegations of this paragraph are denied.

2. In answering Paragraph 2 of the Complaint, PRA admits that Plaintiff has alleged that jurisdiction in this Court is proper under 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Except as herein admitted, the remaining allegations of this paragraph are denied.

3. In answering Paragraph 3 of the Complaint, PRA admits that Plaintiff has alleged that supplemental jurisdiction in this Court is proper under 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of this paragraph are denied.

4. In answering Paragraph 4 of the Complaint, PRA admits that it is a limited liability company organized under Delaware law and that at times it has sought to collect unpaid financial obligations owed by individuals in California. To the extent not herein admitted the remaining allegations of this paragraph are denied.

 To the extent not herein admitted the remaining allegations of this paragraph are denied.

5. In answering Paragraph 5 of the Complaint, PRA admits that Plaintiff alleges that venue is proper in this District under 28 U.S.C. § 1391. Except as herein admitted, the remaining allegations of this paragraph are denied.

6. In answering Paragraph 5 of the Complaint, PRA lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this

case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that it is a "debt" under the FDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

6. In answering Paragraph 6 of the Complaint, PRA admits that Plaintiff is a natural person, but lacks information or knowledge sufficient to form a belief as to whether Plaintiff resides in the Pacoima, California. To the extent not herein admitted the remaining allegations of this paragraph are denied.

7. In answering Paragraph 7 of the Complaint, PRA admits that Plaintiff is a natural person, but lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that Plaintiff is a "consumer" as that term is defined under 15 U.S.C. §1692(a)(3). To the extent not herein admitted the remaining allegations of this paragraph are denied.

8. In answering Paragraph 8 of the Complaint, PRA admits that it has a corporate office located at 120 Corporate Boulevard, Norfolk, Virginia. To the extent not herein admitted the remaining allegations of this paragraph are denied.

9. In answering paragraph 9 of the Complaint, PRA admits that PRA has, at times, engaged in the collection of outstanding financial obligations, however, PRA lacks knowledge or information sufficient to form a belief as to whether the financial obligation at issue in this action was incurred primarily for personal, family or household purposes, and on that basis, PRA denies that it acted as a "debt collector," in this case as defined by 15 U.S.C. §1692(a)(6). Except as herein admitted, the remaining allegations of paragraph 9 are denied.

10. Denied.

11. In answering Paragraph 11 of the Complaint, PRA lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the obligation at issue is "consumer debt." To the extent

1 not herein admitted the remaining allegations of this paragraph are denied.

2       12.     In answering Paragraph 12 of the Complaint, PRA admits that the obligation at issue is regarding an Ashley Home Stores account, or a predecessor in interest, but lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the obligation at issue is "consumer debt." To the extent not herein admitted the remaining allegations of this paragraph are denied.

       13.     In answering Paragraph 13 of the Complaint, PRA avers that no answer is required of it.

       14.     In answering Paragraph 14 of the Complaint, PRA admits that it purchased Plaintiff's account on or about October 21, 2013 and thereafter attempted to recover amounts owed including telephone calls to Plaintiff in May 2015.

       15.     In answering Paragraph 15 of the Complaint, PRA admits contacting Plaintiff regarding an installment payment of $25 as his payment of $25 made in December 2014 was returned for insufficient funds.

       16.     Denied.

       17.     Denied.

       18.     Denied.

       19.     In answering Paragraph 19 of the Complaint, PRA denies the allegations in that they are legal conclusions.

       20.     In answering Paragraph 20 of the Complaint, PRA denies the allegations in that they are legal conclusions.

       21.     In answering Paragraph 21 of the Complaint, PRA denies the allegations in that they are legal conclusions.

       22.     In answering Paragraph 22 of the Complaint, PRA denies the allegations in that they are legal conclusions

       23.     Denied.

24. In answering Paragraph 24 of the Complaint, PRA denies the allegations in that they are legal conclusions.

25. Denied.

26. In answering Paragraph 26 of the Complaint, PRA denies the allegations in that they are legal conclusions.

27. Denied.

## **DEFENSES**

1. To the extent PRA has violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. Seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practice Act, California Civil Code §1788-1788.32 ("RFDCPA"), such violations were the result of a bona fide error.

2. Any alleged damages to Plaintiff were caused in whole or in part by an intervening or superseding cause.

3. PRA states that Plaintiff fails to state a claim or cause of action.

4. Plaintiff's damages are barred or should be reduced based upon Plaintiff's failure to mitigate her damages.

5. Plaintiff's damages, if any, are the result of a pre-existing condition not caused or exacerbated by PRA.

6. Plaintiff's damages, if any, are the result of actions of third parties over whom PRA has no control.

WHEREFORE, PRA prays that Plaintiff take nothing by way of his Complaint; for costs of this action, and all other proper relief.

///
///
///
///
///
///

| | |
|---|---|
| 1    Dated: July 27, 2015 | Respectfully submitted, |
| 2 | PORTFOLIO RECOVERY ASSOCIATES, LLC |

*/s/ Nathan A. Searles*
Nathan A. Searles (SBN 234315)
PRA Group
140 Corporate Boulevard
Norfolk, VA 23502
(757) 519-9300 ext 13206
(757) 321-2518 (fax)
nasearles@portfoliorecovery.com

Attorney for Defendant
Portfolio Recovery Associates, LLC

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action. My business address is: 140 Corporate Boulevard, Norfolk, Virginia 23502.

On July 27, 2015, I served true copies of the following document(s), with all exhibits and attachments (if any):

**Defendant Portfolio Recovery Associates, LLC's Answer and Defenses**

☒  Via ECF notification:

*Amy L. Bennecoff Ginsburg, Esquire*
*Kimmel & Silverman, P.C.*
*30 East Butler Place*
*Ambler, PA 19002*
*Telephone: (215)540-8888*
*Facsimile:  (215) 540-8817*
*Counsel for Plaintiff*

I am readily familiar with the company's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 27, 2015, at Norfolk, Virginia.

                    */s/ Sonia Gomez*
                    Sonia Gomez
                    PRA Group